UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN MURRY,

          Plaintiff,

v.                                   CASE NO. 2:09-CV-11395
                                   HONORABLE GERALD E. ROSEN

OAKLAND CO. PROBATION, et al.,

          Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**    **Introduction**

Calvin Murry ("Plaintiff"), a Detroit resident on lifetime state probation under the supervision of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* for this action. In his complaint, Plaintiff states that he suffers from a cervical herniation of his neck and alleges that his probation officers knew of this condition but threatened him with a probation violation if he failed to earn sufficient funds to meet his obligations under a state court restitution order. He claims that the probation officers "forced him to work" and that he suffered further injury due to the defendants' negligent conduct. He also states that the probation officers charged him with a probation violation for which he was found not guilty in March, 2009. Plaintiff names the Oakland County Probation Department, the Michigan Department of Corrections, Oakland County Probation Officer Kevin Jones, and Wayne County Probation Officer Randolph Bellamy as the defendants in this action. He seeks

eight million dollars in monetary damages for his injuries, as well as appointment of counsel.

Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity. The Court also concludes that an appeal from this decision cannot be taken in good faith.

## II.   Discussion

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded

2

*pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and on the basis of immunity.

A.     Claims Against the Oakland County Probation Department

As an initial matter, the Court finds that Plaintiff's claims against the Oakland County Probation Department are subject to dismissal because it is not a legal entity subject to suit. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights.  It is well-established that county agencies, departments, and jails are not legal entities amenable to suit under § 1983.  *See Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *Gross v. Evans*, No. 06-CV-13065, 2006 WL 2419195, *2 (E.D. Mich. Aug. 22, 2006); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007); *Johnson v. Harris*, No. 1:08cv36, 2009 WL 277992, *10 (E.D. Tenn. Feb. 5, 2009) (county probation department was not an entity subject to suit).  Plaintiff's claims against the Oakland County Probation Department must therefore be dismissed.

B.     Claims Against the MDOC

Plaintiff's claims against the MDOC are also subject to dismissal.  It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *see also Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not alleged any facts which indicate that the MDOC has

3

violated his constitutional rights.  Any claim that the MDOC failed to properly supervise the other defendants, should be held vicariously liable for their actions, or did not respond to the situation is insufficient to state a claim for relief under § 1983.  Plaintiff has not alleged facts showing that the probation officers' actions were the result of any MDOC custom, policy, or regulation, or that their conduct arose from the MDOC's deliberate failure to adequately investigate, train, or supervise them.  *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).  Furthermore, conclusory allegations are insufficient to state a civil rights claim under § 1983.  *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).  Plaintiff has failed to state a claim against the MDOC.

Additionally, the Court notes that Plaintiff's claims against the MDOC are also subject to dismissal based upon Eleventh Amendment immunity.  The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment.  *See Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987).  As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983.  *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66-71 (1989).  Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984); *Thiokol Corp. v. Dep't. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).  The United States Court of Appeals for the Sixth Circuit has expressly held that the MDOC is immune from suit under the Eleventh Amendment.  *See*

4

*Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, *2 (6th Cir. Nov. 1, 2000) (unpublished);

*Ritchie v. Michigan Dept. of Corr.*, 826 F.2d 1065, 1987 WL 38524, *1 (6th Cir. 1987)

(unpublished).  Plaintiff's claims against the MDOC must therefore be dismissed.

      C.    <u>Claims Against the Probation Officers</u>

      Lastly, Plaintiff's claims against the probation officers are subject to dismissal.  As noted,

Plaintiff alleges that the probation officers knew of his medical condition, that they threatened

him with a probation violation if he failed to comply with the state court's restitution order, that

he was thereby required to work rather than seek treatment, and that he suffered further injury

due to the defendants' negligent conduct.  To state a claim under § 1983, however, a plaintiff

must allege that the deprivation of his rights was intentional.  *See Davidson v. Cannon*, 474 U.S.

344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).  An "injury caused by

negligence does not constitute a deprivation of any constitutionally-protected interest" and a

claim that officials have engaged in negligent conduct does not state a claim under §1983.  *See*

*Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *see also Lewellen v. Metropolitan*

*Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994).

      Plaintiff has alleged no facts to show that the probation officers sought to intentionally

injure him, acted with deliberate indifference, *see Estelle v. Gamble*, 429 U.S. 97, 105 (1976), or

otherwise deprived him of his constitutional rights.  Rather, his complaint indicates that the

probation officers were advising him to comply with a state restitution order and attempting to

enforce the terms of his probation.  Plaintiff's assertions of negligence on the part of the

probation officers (or any of the defendants) fail to state a claim for relief upon which relief may

be granted under § 1983.  Moreover, his allegations of verbal harassment and threats are

insufficient to state a civil rights claim under § 1983.  *See Ivey v. Wilson*, 832 F.2d 950, 954-55

(6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich.

1990); *see also Miller v. Wertanen*, 109 Fed. Appx. 64, 65 (6th Cir. 2004).

      Lastly, Plaintiff's claims against the probation officers are also subject to dismissal

because those defendants are entitled to quasi-judicial immunity.  The Sixth Circuit and district

courts within the circuit have ruled that a probation officer performing duties to ensure that a

probationer is complying with the terms of probation and evaluating that compliance is entitled

to absolute, quasi-judicial immunity from liability in a civil rights action.  *See Loggins v.

Franklin Co. Ohio*, 218 Fed. Appx. 466, 476-77 (6th Cir. 2007) (citing *Blas v. Leishman-

Donaldson*, No. 91-4073, 1992 WL 217735 (6th Cir. Sept. 9, 1992), and *Timson v. Wright*, 532

F.3d 553 (6th Cir. 1976)); *Fleming v. Martin*, 24 Fed. Appx. 258, 259 (6th Cir. 2001) (citing

cases from other circuits); *Warick v. Kentucky Justice & Public Safety Cabinet*, No. 08-146-art,

2008 WL 4443056, *5 (E.D. Ky. Sept. 26, 2008); *Bennett v. Batchik*, 743 F. Supp. 1245, 1251

(E.D. Mich. 1990); *cf. Hanas v. Inner City Christian Outreach, Inc*., 542 F. Supp. 2d 683, 697-

98 (E.D. Mich. 2008) (Tarnow, J).  Plaintiff's complaint indicates that defendants Jones and

Bellamy were performing their duties as probation officers by advising Plaintiff to comply with

the terms of his probation, seeking to enforce the state court's restitution order, and bringing

charges based upon a perceived violation of those terms.  As such, those probations officers are

immune from suit on Plaintiff's claims for damages and the claims against them must be

dismissed for this additional reason.

**III.**    <u>**Conclusion**</u>

      Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a

claim upon which relief may be granted under 42 U.S.C. § 1983 as to all of the defendants, that

the MDOC is entitled to Eleventh Amendment immunity, and that probation officers Jones and

Bellamy are entitled to quasi-judicial immunity.  Accordingly, the Court **DISMISSES WITH**

**PREJUDICE** Plaintiff's complaint.

The Court also concludes that an appeal from this order would be frivolous and therefore

cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S.

438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**



s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on
April 29, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager

7